UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BONNIE REUTHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:11-CV-1781 CEJ |
| ) | |
| OPERATING ENGINEERS LOCAL 513, ) | |
| JOURNEYMEN & APPRENTICESHIP ) | |
| TRAINING FUND, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant's motion to dismiss Count V of the complaint. The plaintiff has filed a memorandum in opposition.

**I. Background**

Plaintiff brings this action asserting claims of employment discrimination against defendant, her former employer. In Count V of the complaint, plaintiff alleges that the defendant discriminated against her based her age, sex and disability, in violation of the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.055. Plaintiff alleges that she was discharged from her job on June 8, 2009, and that she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of her termination. Attached to the defendant's motion is a copy of the charge of discrimination plaintiff filed. The document appears to have been signed and dated by plaintiff on February 11, 2010. The defendant asserts that the charge of discrimination was not timely filed and, therefore, plaintiff's MHRA claim must be dismissed.

II.     Discussion

Plaintiff does not dispute the merits of the defendant's motion.  Instead, she argues that the defendant cannot file a motion to dismiss for failure to state a claim based on Fed.R.Civ.P. 12(b)(6) because the motion was not filed prior to the defendant's answer. Plaintiff cites to Fed.R.Civ.P. 12(b) which provides that a motion to dismiss for failure to state a claim "must be made before pleading if a responsive pleading is allowed."  To be sure, defendant filed an answer to the complaint and the instant motion to dismiss on the same day.  However, the defendant does not cite to Rule 12(b)(6) as the basis for its motion to dismiss.  Fed.R.Civ.P. 12(h)(2)(B) provides that failure to state a claim upon which relief may be granted may be raised by a motion for judgment on the pleadings.  A motion for judgment on the pleadings may be filed "[a]fter the pleadings are closed."  Fed.R.Civ.P. 12 (c). Accordingly, the defendant's motion to dismiss for failure to state a claim will be treated as a motion for judgment on the pleadings.

The MHRA requires that a claimant exhaust administrative remedies by filing a charge of discrimination within 180 days after "the alleged act of discrimination."  See Mo.Rev.Stat. § 213.075(1).   Failure to satisfy this exhaustion requirement bars the claim.  Gipson v. KAS Snacktime Co., 83 F.3d 225 (8th Cir. 1996) (quoting Hill v. John Chezik Imports, 797 S.W.2d 528, 529 (Mo.App. 1990)).  It is undisputed that plaintiff signed and filed her charge of discrimination more than 250 days after the termination of her employment.  Consequently, her MHRA claim is time-barred and Count V will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss Count V of the complaint [Doc. #9] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of July, 2012.